UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| DESMOND MARTIN, | ) |
| Petitioner, | ) |
| v. | ) No. 1:19-cv-04593-SEB-DML |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

**Order Denying Motion for Relief Pursuant to 28 U.S.C. § 2255
and Denying a Certificate of Appealability**

Petitioner Desmond Martin was convicted of one count of interference with commerce by robbery, 18 U.S.C. § 1951(a) ("Hobbs Act Robbery"), and one count of using of a firearm in relation to a crime of violence, 18 U.S.C. § 924(c)(1)(B)(i), in case number 1:16-cr-181-SEB-DML-1. He was sentenced to total term of imprisonment of 121 months—1 month on the robbery conviction and 120 months on the firearm conviction to run consecutively. Judgment was entered on May 18, 2018. Mr. Martin now seeks to vacate his sentence and conviction under 18 U.S.C. § 924(c) based on the Supreme Court's decision in *United States v. Davis,* 588 U.S. ___, 139 S.Ct. 2319, 2336 (2019). For the reasons explained below, Mr. Martin is not entitled to relief.

**I. Discussion**

Rule 4(b) of *Rules Governing Section 2255 Proceedings for the United States District Courts* provides:

> If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.

*Id.* That is the case here. *Davis* does not provide Mr. Martin any relief based on his 18 U.S.C. § 924(c) conviction and this action must be dismissed.

Section 924(c)(1)(A) imposes minimum sentences for possessing, brandishing, or discharging a firearm "in relation to any crime of violence or drug trafficking crime." 18 U.S.C § 924(c)(1)(A). Section 924(c)(3) of the statute defines "crime of violence" to include any felony that either "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another," often referred to as the elements clause or force clause, or "(B) by its nature, involves a substantial risk that physical force against the person or property of another may be used," referred to as the residual clause.

In *Davis* the Supreme Court held that 18 U.S.C. § 924(c)(3)'s residual clause—that is, § 924(c)(3)(B)—was unconstitutionally vague. 139 S.Ct. at 2336; *see also United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016) ("[W]e hold that the residual clause in 18 U.S.C. § 924(c)(3)(B) is also unconstitutionally vague."). However, Hobbs Act robbery, 18 U.S.C. § 1951(a) is a crime of violence under the still-valid "elements clause" of § 924(c)(3)(A). *See Haynes v. United States*, 936 F.3d 683, 690 (7th Cir. 2019); *United States v. Fox*, No. 18-3087, 2019 WL 5783473, at *2 (7th Cir. Nov. 6, 2019). This is because it includes the use, or threatened use of physical force against the person or property of another. § 1951(b) (defining robbery).

Therefore, even though *Davis* invalidated § 924(c)(3)(B)'s residual clause, robbery under 18 U.S.C. § 1951(a), is still a crime of violence under § 924(c)(3)(A)'s force clause and constitutes a valid predicate crime of violence for the purposes of Mr. Martin's convictions. Mr. Martin is thus not entitled to relief.

## II. Conclusion

The motion pursuant to § 2255 is DENIED. Judgment consistent with this Entry shall now issue. The **clerk shall** also enter this Entry on the docket in the underlying criminal action, No. 1:16-cr-181-SEB-DML-1. The motion to vacate shall also be terminated in the underlying criminal action.

## III. Denial of Certificate of Appealability

A habeas petitioner does not have the absolute right to appeal a district court's denial of his habeas petition, rather, he must first request a certificate of appealability. *See Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003); *Peterson v. Douma*, 751 F.3d 524, 528 (7th Cir. 2014). Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing § 2255 proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Martin has failed to show that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Court therefore denies a certificate of appealability.

**IT IS SO ORDERED.**

Date: 12/6/2019

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

DESMOND MARTIN
15387-028
WILLIAMSBURG - FCI
WILLIAMSBURG FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 340
SALTERS, SC 29590